HENRY L. SWARTWOUT

*v.*

JOSEPH EVANS.

1. AGENCY—*ratification by the principal.* A party assuming to act as the agent of his father who was the owner of a mowing and reaping machine, sold a half interest in the machine. For two years thereafter the purchaser and the original sole owner continued to use the machine as joint owners, the former paying one half of the repairs, and his rights as the owner of one-half being constantly asserted, and as far as appeared, never denied until about the close of that period. *Held,* that under these circumstances, independently of the agent's authority, his act must be considered as having been ratified.

2. JOINT OWNERSHIP OF PERSONALTY. Where there are two joint owners of personal property, one is entitled to the same possession and enjoyment of it as the other, and neither can be made liable for its conversion except by proof that he assumed and exercised *exclusive* ownership, repudiating the rights of the other.

3. DEMAND — *by one joint owner of another.* Where one of two joint owners of personal property demands of the other, not the joint use and possession, as joint owner, but the property as sole owner, the latter is at entire liberty to disregard such a demand.

4. To make a demand available under such circumstances, the party making it should demand the equal enjoyment of the property as joint owner.

5. SAME—*should be made before suit.* Where it it sought on the trial of an action of trover, to establish a demand by the plaintiff of the property in question from the defendant, to make the demand availing it must appear to have been made before the commencement of the suit.

6. VERDICT—*presumption as to its extent.* One of two joint owners of a mowing and reaping machine, sued the other in trover, claiming the entire machine to be his. The plaintiff obtained a verdict, but from the conflicting evidence as to the value of the machine, it could not be said whether the jury considered themselves as finding the value of the whole or only one-half. From the mode, however, in which the plaintiff submitted his case, claiming the whole machine, it was held proper to presume that the verdict was for the entire machine.

7. COSTS—*on re-hearing in the Supreme Court* The only additional costs proper to be taxed upon the re-hearing of a cause in the Supreme Court, are the costs of the orders made necessary thereby, and costs of filing any papers incident to the re-hearing.

APPEAL from the Superior Court of Chicago.

This suit was originally brought by Joseph Evans against Henry L. Swartwout, before a justice of the peace in Cook county, and was removed into the Superior Court of Chicago by appeal.

The action was trover, and was instituted for the recovery of damages for the alleged conversion by the defendant of a mowing and reaping machine, claimed to belong to the plaintiff.

It appears from the testimony as developed on the trial in the Superior Court, that in the year 1839, the plaintiff purchased the machine from one Jones, for $75. About the 1st of July, 1850, Richard Evans, a son of the plaintiff, sold one-half of the machine to Swartwout, the defendant, for twenty-five dollars.

Richard, at the time, in conjunction with his brother Joseph, was managing the farm of his father, and attending to his business affairs generally, but states himself, that he was not an agent of his father, but only acted in any particular matter by his consent or under his direction. He states that when he informed his father of the sale, he expressed dissatisfaction, and said Swartwout should not have the machine. But it is shown by the testimony that for two years thereafter the plaintiff and defendant continued to use the machine as joint owners, Swartwout paying one-half of the repairs, and

his rights as the owner of one-half being constantly asserted, and, as far as appears, never denied until about the time of the commencement of this suit.

The plaintiff demanded the machine from the defendant about the 1st of June, 1861, but whether that was before the commencement of the suit, or after, does not appear from the record. The character of the demand is shown by the testimony of Joseph Evans, Jr., who stated; I went with my father, the plaintiff, to the defendant to get the machine home. We met Mr. Swartwout and my father demanded of him the machine. My father said he wanted the machine; we did not get it, he would not give it to us. On his cross-examination, he said: The machine was my father's. I do not know whether defendant had bought one-half of the machine or not. He would not give it up, he claimed to have bought it.

A verdict was returned for the plaintiff for thirty dollars. A motion for a new trial was overruled, and judgment entered upon the verdict, from which the defendant took this appeal.

The appellant insists, as a ground for reversal, that the verdict was contrary to the evidence; that he was the owner of one-half of the machine, when the verdict was for its entire value; and furthermore, that no sufficient demand was made for the plaintiff's rights in the property, before the institution of the suit.

Mr. JOHN W. WAUGHOP for the appellant.

Mr. E. P. EVANS and Mr. A. GARRISON for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the court:

The evidence in this case shows clearly that the parties owned the reaping machine in common. It is proved that Richard Evans, the son of the plaintiff below, lived with his father, who was old and intemperate, and, in conjunction with his brother Joseph, managed the farm and his father's affairs. Two years before the commencement of this suit,

Richard sold to Swartwout, the defendant below, an undivided half of the machine for twenty-five dollars, and received payment, and although Richard says, in his testimony, that his father was dissatisfied with the bargain, yet, independently of Richard's authority, the plaintiff must be considered as having ratified the sale.  For it is shown that for two years the parties continued to use the machine as joint owners, Swartwout paying one-half of the repairs, and his rights as the owner of one-half being constantly asserted, and, so far as appears, never denied, until about the time of the commencement of this suit.

Swartwout, then, was entitled to the same possession and enjoyment of the machine as Evans, and could only be made liable for its conversion by proof that he assumed and exercised *exclusive* ownership, repudiating the rights of Evans.  The plaintiff below sought to prove that fact by showing a demand and refusal.  The only evidence upon that point was that of plaintiff's son Joseph, who testified that his father demanded the machine of Swartwout, and that the latter refused to give it up, claiming to have bought it.  But this same witness testified that his father owned the machine, and that he did not know how it had got to Swartwout's house, nor did he know whether Swartwout had bought one-half of the machine.  It is manifest, then, that Evans demanded, not the joint use and possession, as joint owner, but the machine as sole owner, and such a demand Swartwout was at entire liberty to disregard.  *Bell* v. *Shrieve*, 14 Ill., 462.  Evans should have demanded the equal enjoyment of the machine as joint owner, and if he demanded possession as sole proprietor, Swartwout was under no obligation to recognize a claim, where recognition might have been fatal to his own title.  That such was the character of the demand is clear, not only from the manner in which it is stated by the witness, but from the fact that the plaintiff's case proceeds upon the hypothesis of sole ownership.  Besides the evidence of Joseph as above stated, the plaintiff introduces his other son, Richard, for the purpose of proving that although he sold one-half of

the machine to Swartwout, he had no authority to do so, and that his father "was dissatisfied, and said, defendant should not have it." And not only did the plaintiff seek, by his evidence, to prove that he was sole owner, but in the instruction asked by him and given by the court, he submitted the case to the jury on that ground.

But even if plaintiff's demand had been consistent with his rights, and been made as joint instead of sole owner, there is another objection to the demand, which, upon this record is fatal. There is nothing in the record to show that the demand was made before the commencement of the suit. The transcript from the Justice was not filed in the Superior Court until several months after the trial, and although transcribed into the record, we find it impossible to tell when the suit was commenced. This point was raised by the defendant, on a motion made to the court after the plaintiff closed his evidence. The plaintiff's attention was thus called to the defect in his evidence, and he failed to supply it. There is nothing which would enable the jury to say whether the demand, of which the witness, Joseph Evans, testified, was made before or after the commencement of the suit.

The jury found a verdict for the plaintiff for thirty dollars. In the conflict of evidence as to the value of the machine, we cannot say whether they considered themselves as finding the value of the whole or only one-half. From the mode in which the plaintiff submitted his case, it would be proper to presume that the verdict was for the value of the entire machine, but whether for the whole or the half, it is unsustained by the evidence, for the reasons given, and there must be a new trial.

This case is before us on an order for a re-hearing, and as the question has several times arisen in regard to the taxation of costs in such cases, we take occasion to say that the only additional costs proper to be taxed upon the re-hearing are the costs of the orders made necessary thereby, and costs of filing any papers incident to the re-hearing.

*Judgment reversed.*