## MONTGOMERY COUNTY COURT.

DAVID S. POTTER, plaintiff, agt. MICHAEL NEAL, defendant.

*Tenants in common — Conversion — Right of one tenant in common of personal property to maintain trover against his cotenant — Objection to jurisdiction of county court — when it must be raised.*

One tenant in common of personal property may maintain trover against his cotenant for his undivided one-half of such property.

Where the fact showed that the plaintiff was the owner of an undivided one-half of certain cattle, and that it was agreed as a part of the contract between the parties, that before the defendant moved away from the plaintiff's farm the cattle should be divided between them, and they should not be removed until divided, and that afterwards, when the defendant's contract was·ended and his term closed for occupying the farm, against the demands and requests of the plaintiff to divide the stock and distribute it in accordance with their agreement, the defendant drove the stock away to another farm whereto he removed, and after repeated requests by the plaintiff to divide the stock or to account to the plaintiff, or pay him for his share, the defendant refused and denied all the plaintiff's right, interest or share in the stock, and denied that the plaintiff had any title to· the stock to which he was entitled to a division, and locked up the stock in his barn and converted it to his sole use, benefit and purposes, in denial of all the rights title and interest of the plaintiff, and that the defendant intended thereby to prevent the plaintiff from having any right, title, interest or share in the cattle:

*Held*, that a case is made of such a conversion of the plaintiff's interest in the stock, such a destruction or loss of his rights·and interests as would entitle the plaintiff to recover of the defendant in this action.

The objection that a county court has not jurisdiction over the person of the defendant must be raised at the first opportunity, and is waived by his appearing in the action and pleading to the merits.

*November*, 1880.

MOTION for a new trial on the minutes.   Action in trover for the conversion of an undivided one-half of a quantity of cattle.

*H. Dunkel* and *F. Fish*, for plaintiff.

*A. Hees* and *McI. Fraser*, for defendant.

Potter agt. Neal.

ZERAH S. WESTBROOK, *County Judge.* — Defendant's motion at the opening of the trial to dismiss the complaint, on the ground that it does not show that the court has jurisdiction, by alleging that the defendant is a resident of the county, was properly denied.

He answered to the merits, noticed the cause for trial twice (and for the present term), and had it put over a former term for an absent witness. The objection therefore came too late. It was not taken either by demurrer or answer. The defect, if any, was waived. There would be some force in the objection if the complaint showed that the court did *not* have jurisdiction (*Holbrook* agt. *Baker*, 16 *Hun*, 176; *Dake* agt. *Miller*, 15 *Hun*, 356). The trial shows that defendant is a resident of the county.

There was upon the facts a valid sale to the plaintiff of an undivided one-half of the cattle in question. The agreement for the sale was not void by the statute of frauds. The agreement for the defendant to work plaintiff's farm on shares and for a sale of an undivided half of defendant's stock on the farm to plaintiff, I think, was an entire contract, and each part formed a good consideration for the other. The defendant took the plaintiff's farm under their contract, worked it on shares, used the cattle in question in connection therewith, and the proceeds of the farm and cattle during the year were divided according to the terms of the contract.

The defendant cannot, after receiving the profits and benefit of that part of the agreement most beneficial to him repudiate the sale as void. That would operate as a gross fraud upon the plaintiff, which no court of justice could sanction. There was, I think, a sufficient delivery and acceptance, and all that was necessary under the peculiar circumstances of the case. The parties intended to make a valid and effectual sale, and always acted with respect to the property in the belief that they had done so during the year defendant worked the farm under the agreement. The jury, I think, properly found that there was a valid sale upon the evidence.

The most important question in the case is, whether the
plaintiff can maintain the action against the defendant, his
cotenant in common, for a conversion of the plaintiff's undi-
vided one-half of the cattle? Whether the facts found will
warrant a recovery for the conversion of the plaintiff's share?
The case was put to the jury upon the strongest view that
the evidence would warrant in favor of the defendant.
They were charged that if they found that plaintiff was
the owner of an undivided one-half of the cattle, and that it
was agreed as a part of the contract between the parties that
before the defendant moved away from the plaintiff's farm
the cattle should be divided between them, and they should
not be removed until divided, and that afterwards, when the
defendant's contract was ended and his term closed for occu-
pying the farm, against the demands and requests of the
plaintiff to divide the stock and distribute it in accordance
with their agreement, the defendant drove the stock away
over to the Schenck farm, whereto he removed, and after
repeated requests by the plaintiff to divide the stock or to
account to the plaintiff, or pay him for his share, the defend-
ant refused and denied all the plaintiff's right, interest or
share in the stock, and denied that the plaintiff had any title
to the stock to which he was entitled to a division, and locked
up the stock in his barn and converted it to his sole use,
benefit and purposes, in denial of all the rights, title and
interest of the plaintiff. And if they found all those facts,
and that the defendant intended thereby to prevent the plain-
tiff from having any right, title, interest or share in the cattle,
then a case would be made of such a conversion of the plain-
tiff's interest in the stock, such a destruction or loss of his
rights and interest as would entitle the plaintiff to recover of
defendant in this action.

The jury have found all those facts, and they are fully sus-
tained by the evidence.

I was of opinion at the trial that these facts would render

the defendant liable, and subsequent examination and consideration of the question have strengthened that view.

In *Van Doren* agt. *Balta* (11 *Hun*, 239), the plaintiff was present at the sale of a wagon under a mortgage made by his cotenant thereon, and forbade the sale in the hearing of defendant, who then purchased the chattel. The defendant Balty thereafter held possession of the property and used it for his own individual purposes, claiming to own it exclusively, and denying that the plaintiff had any interest therein, and refused to deliver to plaintiff on demand.

It was therein held that the one tenant in common, by undertaking to sell the whole property, made himself liable to his cotenant for a conversion of the latter's share, and that the purchaser at the sale became only a cotenant with the plaintiff. And that "as the sale of the plaintiff's share was a wrong to the plaintiff, for which the seller is liable, it follows that the defendant who participated in it by purchasing the whole with notice of the plaintiff's rights, and thereafter asserting an exclusive title to the property, is equally liable as a wrong-doer, and plaintiff may maintain an action against him for the conversion of his share."

It seems to me that the principle decided in that case is applicable to the case here. The defendant Neal has done more to deprive the plaintiff Patten of his share in the cattle than was done by the defendant Balty in that case.

In *Osborne* agt. *Schenck* (18 *Hun*, 202), plaintiff brought an action against defendant for the conversion of an undivided one-half interest in a planing machine. One Pratt, Osborne's cotenant, had executed to Schenck a mortgage on the whole machine, which he accepted, but did nothing more. It was held therein that Osborne's cotenant became liable to him by assuming to mortgage the whole, but Schenck had done nothing unlawful or that would render him liable. And LEARNED, P. J., in his opinion, puts the decision on the ground that "the mere mortgaging of the planing machine was not a conversion. It does not appear that it was intended to be a

Potter agt. Neal.

denial of the plaintiff's rights, and it was accompanied by no act which in any way disturbed or molested his claim." And that there was no demand and refusal to deliver and assertion of an exclusive right.

This latter case was affirmed in the court of appeals. Opinion by FINCH, J. (not yet reported).

Judge FINCH, in a learned and interesting opinion in that case, takes the same view as the general term, and puts the affirmance on the same grounds. He says: "There is no evidence that he (Schenck) used it. No demand was made of him before the action was brought. He neither did or said anything in denial of plaintiff's rights as a cotenant until after he was sued. He asserted no exclusive dominion over it. That assertion was not made until driven to an answer after action commenced for a conversion, and even then was not urged or intimated upon the trial. The defense was rested wholly and alone upon the right of the defendant as a cotenant."

It will be seen that the facts were not in the case of *Osborne* agt. *Schenck*, that are strongly proven in this case, and which judges LEARNED and FINCH both, in their opinions, clearly intimated would sustain the action.

In the case of *Swartwout* agt. *Evans* (37 *Ill.*, 442), one of two joint owners of a mowing machine sued the other in trover. And it was therein held that the action would be for the conversion of an undivided half on proof that the cotenant assumed and exercised exclusive ownership, repudiating the rights of the other. To the same effect is *Grove* agt. *Wise* (39 *Mich.*, 139).

In the case of *Ripley* agt. *Davis* (15 *Mich.*, 75) plaintiff sued to recover the value of two-fifths of a quantity of logs cut by defendant on plaintiff's premises, and which were to be boomed at a certain point and divided. Defendant took the logs beyond the place agreed upon, and set up a claim to them under an alleged purchase.

*Held* (COOLEY, J.), that the action for conversion could be maintained.

MARTIN, Ch. J., in a concurring opinion, held that the defendant's acts showed an intention to convert the property, which was sufficient.

The great difficulty ordinarily in sustaining an action of trover in favor of a tenant in common of personal property against his cotenant is, that each tenant has the right to the possession of the whole, and the mere possession and use of the whole by one will not constitute a conversion. But the facts in this case clearly constitute a conversion upon principle and authority. The defendant has attempted and intended to deprive the plaintiff of his share in the cattle. All his acts were tortious.

It may be urged with great force that the defendant's wrongful acts have terminated the cotenancy, and the plaintiff may so regard it and recover of the defendant for the wrong.

I discover no errors in the case calling for correction. The verdict is well sustained and is entirely just.

The motion for a new trial is denied, and judgment for the plaintiff ordered upon the verdict in his favor.