ROSS v. KONOR.

(Supreme Court, General Term, Third Department. July 2, 1888.)

·COURTS—JURISDICTION—NON-RESIDENTS OF COUNTY.

Where the complaint does not allege that defendant is a resident of the county at the time the action is brought, and defendant goes to trial without raising the question of jurisdiction by demurrer or answer,· he thereby submits to the jurisdiction, and cannot make an objection at the trial, where the evidence shows that defendant was a resident of the county when the action was brought, and it is conceded that the court has jurisdiction of the subject-matter.

Appeal from Montgomery county court.

Action by George B. Ross against Valentine Konor for the recovery of $80, :alleged to be due on contract. Defendant denied plaintiff's demand, and al-.leged by way of counter-claim that plaintiff was indebted to him in the sum of $125 for services performed and merchandise furnished. There was judgment for plaintiff, and defendant appeals. Argued before LEARNED, P. J., and .LANDON and INGALLS, JJ.

Maxwell Bros., for appellant.    William B. Dunlap, for respondent.

INGALLS, J. This action was commenced in the county court of Montgomery county by the service of a summons. No copy of the complaint ac-·companied it. The defendant, by· his attorneys, appeared generally in the ac-.tion, and a copy of the complaint was served, and an answer was interposed, wherein the defendant (1) denied each and every allegation of the complaint; (2) alleged, by way of counter-claim, "that within six years last past, at plaintiff's request, defendant performed services and furnished merchandise for benefit of said plaintiff to the value of one hundred and twenty-five dollars; .that a demand has been made upon said plaintiff for payment of same, but .that no part thereof has ever been paid."

That the county court possessed jurisdiction of the subject-matter is not ·questioned by the defendant. The only contention of the defendant, so far as the question of jurisdiction is involved, is that the complaint did not allege that the defendant was, at the time of the commencement of the action, a resi-·dent of the county of Montgomery, and therefore the county court did not ac-·quire jurisdiction of his person. No motion was made to set aside the summons upon that ground. The defendant did not demur to the complaint upon that ground, which he could have done, (Code Civil Proc. § 488, subsec. 2;) nor ·did he allege any such ground of defense in his answer. The jurisdiction of the court was in no manner questioned by the defendant until the trial. We ·conclude that the defendant submitted to such jurisdiction, and waived all ob-.jection thereto, and as, upon the trial, he was shown, by competent evidence, .to have been an actual resident of that county at the commencement of the ac-.tion, the county court committed no error in entertaining the action. Mc-·Cormick v. Railroad Co., 49 N. Y. 303; Dake v. Miller, 15 Hun, 356; Hol-·brook v. Baker, 16 Hun, 176; Potter v. Neal, 62 How. Pr. 158, affirmed by this court, 31 Hun, 86; Cleaveland v. Hatch, 25 Hun, 308; Davis v. Packard, 6 Wend. 327. In McIntyre v. Carriere, 17 Hun, 65, the case of McDonald v. Truesdail, which was decided in this court, is referred to, wherein the action was commenced by the service of a summons without the complaint, as in the present action; and this court held that jurisdiction was acquired by the service of the summons, and that the county court was justified in amending the complaint by reducing the claim of damages from $5,000 to $1,000. The decision in that case involved a much greater stretch of authority than is required to sustain the proceeding in the present action. We are referred by appellant's counsel to Gilbert v. York, 41 Hun, 595. In that case the defendant demurred to the complaint; thus raising the question of jurisdiction at the first opportunity. Again, the complaint in that case failed to show jurisdic-

tion of the subject-matter, as well as of the person of the defendant. It will be seen that prominence was given to that circumstance in deciding the case referred to. In the case at bar, jurisdiction of the subject-matter is conceded, which we think distinguishes it from the case cited. The distinction referred to seems to be recognized in *Wheelock* v. *Lee*, 74 N. Y. 495. Judge RAPALLO says, at page 498: "In a case in which the court had jurisdiction of the cause on some of the other grounds, as, for instance, where the cause of action arose within the city of Brooklyn, the general rule would apply that a general appearance cures any defect in the service of process to bring the defendant into court, and even the total absence of any service." Reference to the complaint herein shows that the cause of action arose in the county of Montgomery, and that the claim of damages is within the jurisdiction of the county court. We also refer to the opinion in *Dwyer* v. *Rathbone, infra*, which was argued in this court at the May term, 1888. We conclude that the court properly excluded evidence in support of the defendant's pretended counter-claim, as it affirmatively appeared that the articles were not claimed to have been furnished within the period limited by the defendant's counter-claim, and no motion was made to amend the pleading. The judgment must be affirmed, with costs.

LANDON, J., concurs.

LEARNED, P. J., (*concurring.*) There is another objection to a reversal of this case. The case and exceptions are not signed or ordered to be filed. See rule 35, Code Proc. § 997. We have several times refused to hear cases which did not show that they had been settled by the judge who tried them. This appeal was submitted without argument, and therefore this defect was not discovered during the term. It is the right of the judge who tried the case to determine what took place, and this right should be preserved to him.