FARNSWORTH v. UNION PAC. COAL CO.

No. 1808.   Decided March 18, 1907 (89 Pac. 74).

1. COURTS—JURISDICTION—PRIVILEGE—WAIVER.   Laws 1903, p. 76, c. 92, section 1, providing that transitory causes of action arising without the state in favor of a nonresident and against a corporation shall be brought in the county where such corporation has its principal place of business, does not go to the jurisdiction of the subject-matter, but confers a privilege on defendant merely, which he may waive, and which he does waive by a general demurrer, though one of the grounds thereof is that the court has not jurisdiction of the subject-matter; the complaint not showing that defendant's principal place of business is not in the county where the action is brought.

2. APPEAL—HARMLESS ERROR—ADMISSION OF EVIDENCE.   Allowing a witness to state a conclusion, all the facts being in evidence, and the conclusion being self-evident, is harmless.

3. TRIAL—INSTRUCTIONS—EXCEPTIONS.   An exception to an instruction must point out the part that is bad, unless the whole instruction is bad, and, part of the instruction being good, an exception to it as a whole is insufficient.

4. SAME.   While an exception to an instruction must point out the part of the instruction that is bad, it need not give any reason why it is bad.

5. SAME—REFUSAL OF INSTRUCTIONS—EXCEPTION.   Where a requested instruction is refused, all that is necessary in the way of exception is to except to the refusal to give it.

APPEAL from District Court, Summit County; George G. Armstrong, Judge.

Action by Don Farnsworth against the Union Pacific Coal Company.   Judgment for plaintiff.   Defendant appeals.

AFFIRMED.

P. L. Williams, Geo. H. Smith and Jno. G. Willis for appellant.

T. Marioneaux and Evans & Evans for respondent.

RESPONDENT'S POINTS.

We contend that if the appellant proposes to rely in any case, at law or in equity, upon the claimed insufficiency of the evidence to justify the verdict, he must embody in his bill of exceptions a specification of the particulars in which the evidence is alleged to be insufficient. (Rule 26, Sup. Ct. Utah, Sess. Laws 1903, p. 33; *Van Pelt v. Park,* 18 Utah 141; *Canal Co. v. Edwards,* 9 Utah 477; *Sterling v. Parsons,* 9 Utah 81; *Gill v. Hecht,* 13 Utah 5; *Marks v. Taylor,* 23 Utah 470; *Genter v. Mining Co.,* 23 Utah 165.)

Where the injury concerns the rights in personal property, the venue may be laid in any county where defendant may be found. (*Mastyn v. Fabrigas,* 1 Cowp. 601; *Rafael v. Verelst,* 2 Wm. Bl. 1058; *Glen v. Hodges,* 9 Johns. [N. Y.] 67; *Gardner v. N. Y. & C. Ry. Co.,* 17 R. I. 790; *McLeod v. Conn. & C. Ry. Co.,* 58 Vt. 727, 6 Atl. 648.) The fact that both plaintiff and defendant are non-residents is immaterial to jurisdiction of subject-matter. (*Miller v. Black,* 2 Jones L. [N. Car.] 341; *Walters v. Breeden,* 3 Jones L. [N. Car.] 64; *Eingartsan v. Ill. Steel Co.,* 94 Wis. 70; *Furbish v. Nye,* 17 N. Y. App. Div. 325.)

One alien may sue another in a State court. (*Roberts v. Knights,* 7 Allen [Mass.] 449; *Peabody v. Hamilton,* 106 Mass., 217; *Barrell v. Benjamin,* 15 Mass., 354; *Johnson v. Bull,* 17 Wend. [N. Y.] 323; *Burdick v. Freeman,* 120 N. Y. 420, 24 N. E. 949.)

A defendant can waive his right, under the Constitution, to have an action against him tried in the county where the cause of action arose; so that, even if it were conceded that the cause of action in the case at bar arose in Carbon county, the defendant waived its right to have the case tried there both by failing to object to the jurisdiction of the court at the former trial and by demurring to the amended complaint on the sole grounds specified in its demurrer. (*Railway v. McBride,* 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659; *Railway v. Cox,* 145 U. S. 593, 12 Sup. Ct. 905, 36 L. Ed. 829; *Trust Co. v. McGeorge,* 161 U. S. 129, 14 Sup.

32 Utah—8

Ct. 286, 38 L. Ed. 98; *Construction Co. v. Gibney*, 160 U. S. 217, 16 Sup. Ct. 272, 40 L. Ed. 401; *Putney v. Collins et al.*, 3 Grant. Cas. 72; *Fennell v. Guffey*, 155 Pa. 38, 25 Atl. 785; *Kenney v. Greer*, 13 Ill. 432-449, 54 Am. Dec. 439; *Railroad v. Solomon*, 23 Ind. 534; 160 U. S. 219, 16 Sup. Ct. 272, 40 L. Ed. 401.)

A general exception to an instruction will not raise the question of its completeness. (*Hamilton v. Railroad*, 17 Mont. 334.) An exception that a charge is bad as tending to prejudice the jury should point out the particular in which it is prejudicial. (*State v. Verner*, 115 N. Car. 744; *Nebeker v. Harvey*, 21 Utah 374; *Coal Co. v. Ingraham*, 70 Fed. 219; *Pool v. Southern Pacific Co.*, 20 Utah 210; *Brigham City v. Crawford*, 20 Utah 130; *Wilson v. Mining Co.*, 16 Utah 91, 99; *People v. Hart*, 10 Utah 204; *Lowe v. Salt Lake City*, 13 Utah 91, 99; *Beeman v. Mining Co.*. 23 Utah 145; *Haun v. Railway Co.*, 22 Utah 351; *Whipple v. Preece*, 24 Utah 372; *State v. King*, 24 Utah 482.)

It is elementary that the servant assumes the ordinary risks of his employment, but where the place of work is unreasonably and unnecessarily dangerous, as a result of negligence on the part of the master, the risks arising therefrom have never been considered the usual and ordinary risks of the employment. And if the master contends that such risks have been assumed, it is incumbent upon him to plead and prove such assumption of risk. See the following authorities: *Sankey v. Railroad*, 118 Iowa 39; *American Car Co. v. Clark*, 32 Ind. App. 644; *Mining Co. v. Difentholer*, 32 Colo. 391; *Railroad Co. v. Swenington*, 122 Fed. 193, 196 U. S. 326; *Railroad v. Tracey*, 66 Fed. 931; *Nicolaus v. Railroad*, 90 Iowa 85, 57 N. W. 694; *Mayers v. Railroad*, 63 Iowa 562, 14 N. W. 340; *Hudson v. Railroad*. 104 N. C. 491, 10 S. E. 669; *Price v. Railroad*, 85 S. W. 858; *Com. Elec. Co. v. Rice*, 73 N. E. 780; *Mace v. Bodeker & Co.*, 104 N. W. 475; *McDonald v. Champ, I & S. Co.*, 103 N. W. 829; *Laundry Co. v. Crawford*, 93 N. W. 177; *Decker v. Nor. Pac.*, 68 Pac. 426; *Faulkner v. Mining Co.*, 66 Pac. 799; *Thompson v. Railroad Co.*, 72 N. W. 962;

*Lloyd v. Haines,* 35 S. E. 611; *Walker v. McNeil,* 50 Pac. 518.

FRICK, J.

This is an action for damages for personal injuries sustained by respondent, arising out of alleged negligence on the part of appellant. The alleged negligence consisted in, and the evidence tended to establish, that appellant permitted a projection of coal or rock to exist in and to extend across the roof of the incline leading from the surface to the mine below, and in which appellant's coal cars were being operated in transporting coal, as mined from the mine, to the surface above. The incline was dark, and the cars were being operated at a speed stated to be from twenty to twenty-five miles an hour. It was respondent's duty to ride on or between two of a string of cars loaded with coal passing from the mine to the surface, and, in case anything was or became wrong on the trip up with any one of the train of cars, he was required to signal the operator at the surface by means of wires strung along the side of the incline at or near the roof to have the operator stop the cars. On the day of the accident the respondent was at his post of duty, standing in a stooping position on the projecting floors between two cars, and, something becoming wrong with one of the cars immediately after starting, he arose from his stooping position, and with what is called a "ringer," with which he was provided for the purpose, attempted to signal the operator while the cars were moving at the speed aforesaid, when his head came in contact with the sharp edge of the projection in the roof which extended downward about eleven inches from the face of the roof in the form of what may be called a "saw tooth," and he was thrown from the cars and sustained serious injuries. It further appeared that respondent was ignorant of the projection in the roof and that appellant knew, or, by the exercise of ordinary care as master, could have known, of it and the danger incident thereto. All acts of negligence were denied on the part of the appellant, and contributory negligence and assumption of risk were pleaded. Upon substan-

tially the foregoing issues and facts the jury found for respondent by their verdict, upon which the court entered judgment for respondent, from which this appeal is prosecuted.

One of the errors assigned arose as follows: It appeared from the complaint that the respondent was a non-resident of this state and a resident of Wyoming, and that the appellant was a foreign corporation, to-wit, a corporation of the state of Wyoming. But it did not appear from the complaint that appellant had any place of business or office in this state, nor whether it carried on any business in this state or not. The appellant appeared in the action and filed a general demurrer, challenging the sufficiency of the complaint, in which one of the grounds of demurrer was that "the court has no jurisdiction of the subject-matter of the action." This demurrer was overruled, and the appellant answered, in which it set up as a defense facts showing that it was a foreign corporation with its principal place of business in this state at Salt Lake City, and that it had no place of business in Summit county, where the action was brought, and that the accident occurred and the cause of action arose in Wyoming. Before entering upon the trial on the merits, when a jury was about to be impaneled, the appellant, by its counsel, suggested its willingness to prove the facts last above stated; but the court held that it had jurisdiction of the subject-matter of the action and of the person of appellant—the latter, presumably upon the ground of its general appearance by filing a general demurrer to the complaint.

The first error assigned is the ruling of the court in respect to assuming jurisdiction. The alleged error is based upon section 1, c. 92, p. 76, Laws of Utah 1903, where it is, in substance, provided that transitory causes of action arising without this state in favor of nonresidents and against corporations shall be brought in the county where such corporation has its principal place of business. Assuming, for the purpose of this decision, that a foreign corporation is included within the provision referred to, did the court err in assuming jurisdiction of the action in view of the state of the record? The appellant certainly submitted itself to the juris-

diction of the court by its appearance in filing a general demurrer in which it invoked the judgment of the court in respect to the sufficiency of the complaint. (Section 3334, Rev. St. 1898.) It did not appear from the complaint that appellant's principal place of business was not in Summit county, where the action was brought. It did appear therefrom, however, that the appellant was a foreign corporation, carrying on a business in a foreign state, and that the cause of action arose in such foreign state and in connection with its business. When the appellant appeared, therefore, neither the court nor any one else connected with the action was concerned in where its principal place of business was, or if, in fact, it had any in this state at all. Had it been a domestic corporation, it would have to be assumed as a matter of course that it had a place of business in some county in this state. Not so where it appeared from the complaint that the appellant was a foreign corporation and was carrying on business in the state where the injury occurred. The question, therefore, is: Did the court have jurisdiction of the subject-matter of the action? We think it did. It certainly is now beyond the pale of controversy that the district courts of this state have general jurisdiction of the subject-matter of all transitory actions, to which class the case at bar belongs. In view of the numerous decisions under statutes like the one in question, there can now remain no serious doubt that this and similar statutes are enacted for the benefit of the defendant merely, and do not affect the jurisdiction of the subject-matter, and therefore may be waived and are waived by filing a general demurrer to the complaint, since to do so constitutes a general appearance. The courts, with rare exceptions, have held that when a statute provides that suits shall be brought in the county where the defendant resides, or, if a corporation be sued, where it has its principal place of business, it confers a privilege on the defendant merely which may be waived, and does not go to the jurisdiction of the subject-matter. (*Hearne v. De Young,* 111 Cal. 373, 43 Pac. 1108; *Kenney v. Greer,* 13 Ill. 432, 54 Am. Dec. 439; *Toledo W. & W. Ry. Co. v. Williams,* 77 Ill. 354; *Christian*

*v. O'Neal,* 46 Miss. 669; *Clarke v. Lyon Co.,* 8 Nev. 181; *Ross v. Konor,* 2 N. Y. Supp. 169, 49 Hun 610; *McMinn v. Hamilton,* 77 N. C. 300; *Spicer v. Taylor* [Tex. Civ. App.], 21 S. W. 314; *Fairbanks & Co. v. Blum,* 21 S. W. 1009, 2 Tex. Civ. App. 479.) While the foregoing cases are not in strict harmony as to when and how the objection should be made by a defendant claiming the privilege, they all agree that it is but a matter of privilege which may be, and is, waived in case timely objection is not made. Neither do we assert that all the cases cited above are like the case at bar in the facts stated. In some of them the privilege did not exist but in all of them the doctrine is announced that the privilege is waived unless timely objection is made; and in nearly all it is held that a general appearance constitutes a waiver.

The federal courts likewise hold to the same view in cases where suits against defendants are to be brought in the district of their residence, and hold firmly to the rule that a general appearance is a waiver of the privilege, as may be seen from the following among numerous other decisions: *Tex. & P. Ry. Co. v. Cox,* 145 U. S. 593, 12 Sup. Ct. 905, 36 L. Ed. 829; *Interior Constr. Co. v. Gibney,* 160 U. S. 217, 16 Sup. Ct. 272, 40 L. Ed. 401; *St. Louis, etc., Ry. Co. v. McBride,* 141 U. S. 127, 11 Sup. Ct. 982, 35 L. Ed. 659. This court also substantially announced the same doctrine in the following, among other cases: *White v. Rio G. W. Ry. Co.,* 25 Utah 357, 71 Pac. 593; *Sanipoli v. Pleasant V. Coal Co.* (Utah), 86 Pac. 865. In the last case cited it is pointed out that the objection to the jurisdiction generally cannot be reached by a demurrer in which the ground is stated in the form merely that the court has not jurisdiction of the subject-matter, or that it has no jurisdiction. This may be so if all the facts showing a want of jurisdiction appear from the face of the complaint. Otherwise it must be raised in another form. This rule, we think, is both logical and just. If a defendant desires to insist on the privilege given him of being sued in a particular place or county, he should appear specially for that purpose only, and

make the objection by motion, and, if necessary, support the same by proper evidence, and not appear generally and then raise the question as a defense to the action. It is not a defense in a material sense, and therefore after a general appearance comes too late.

The court therefore did not err in its ruling, and this assignment must be overruled.

The next assignment is based on the action of the court in overruling an objection to a question asked by counsel for respondent of a witness at the trial. The proceedings in respect to the question, as disclosed by the record, are as follows: "I will ask you whether or not from your judgment of the cars, the position of the rope runners on the cars and the height to which—or rather the distance to which that lip of coal extended downward from the top of the roof of the slope—whether or not it extended so low that a person five and one-half feet high, standing upright on the cars, or between the cars, would come in contact with the lip of coal? (Mr. Willis: Object as incompetent, irrelevant, and immaterial; and, further, it is calling for a conclusion of the witness. By the court: He may answer. Mr. Willis: Exception.) What would you say if he stood upright and he was five and one-half feet high, whether his head would come in contact with that lip of coal? A. Yes, sir." It may be conceded that, if this multiform question and the answer thereto constituted the whole evidence on the subject, the objection might be meritorious. By having recourse to the evidence, however, it appears that the question and answer thereto was but a mere summing up of the evidence upon that subject. The height of the incline between the floor and the roof, the height of the floor of the cars from the rails lying on the floor of the incline, the height of the respondent, the extent of the projection downward from the face of the roof of the incline, and all the facts in detail in respect thereto were fully testified to and explained either before or after the question was propounded. It thus appears from the record that the answer and question neither added to nor modified anything. True, it was objectionable in form, and

likewise in substance, if standing alone, and the court should have promptly sustained the objection as it was a mere conclusion of the witness from other evidence, and not a subject of expert evidence. But in view of the record the objection was merely technical, and the answer necessarily must have been entirely harmless. It was one of those conclusions that are self-evident, and, as such, was apparent to all, as the following demonstration shows: . It is not disputed that the incline from floor to roof was between six and one-half to seven feet in height. We will take the greatest of the two extremes, and call it seven feet. From this deduct the projection of eleven or twelve inches, and it leaves not to exceed six feet between the floor and the lower edge of the projection. If we then add the height of respondent, five and one-half feet, and the height of the car platform from the floor of the incline, twenty inches, together, it gives us seven feet and two inches. It is therefore a self-evident proposition that an object seven feet two inches high cannot, while standing erect, pass under a space only six feet, the extreme height from the floor of the incline to the lower edge of the projection. No two minds, therefore, could possibly differ in respect to the answer as given in response to the question, and therefore no prejudice could have resulted therefrom. To view it as an abstract proposition, it was error to permit the question to be answered, but to reverse the case for this reason, in view of the whole record and the self-evident proposition involved, would neither reflect justice nor conform to sound principles of either law or practice but would be directly to the contrary, and hence the assignment cannot be sustained.

All the other assignments of error refer to the instructions given and refused. The difficulty in reviewing the assignments in respect to the given instructions consists in that they do not point out the particular part of the instruction urged to be faulty. It is no longer an open question in this court, as it has often been held in common with most courts, that in taking exceptions the portion that is excepted to must be pointed out. A mere exception to an instruction is an exception *in solido* to the whole instruction, and, unless the whole

instruction is bad, the exception is unavailing for the purpose of having any particular part reviewed and passed upon by this court. (*Nebeker v. Harvey,* 21 Utah 374, 60 Pac. 1029; *Pool v. So. Pac. Co.,* 20 Utah 210, 58 Pac. 326; *Brigham City v. Crawford,* 20 Utah 130, 57 Pac. 842; *Wilson v. Min. Co.,* 16 Utah 392, 52 Pac. 626; *Beaman v. Min. Co.,* 23 Utah 145, 63 Pac. 631; *Whipple v. Preece,* 24 Utah 372, 67 Pac. 1072.) Quite true, in this case counsel perhaps sought to conform to the rule in taking his exception, but, as we think, he has entirely failed in the attempt. In referring to the bill of exceptions, where the exceptions are noted, we find the following: "The defendant excepts to the instruction given No. 6, for the reason that the same is not the law, and particularly is not the law applicable to this case, and directs your honor's attention particularly to that part of such instruction which refers to a breach of defendant's duty in furnishing a safe place in which to work." Counsel proceeded further in taking other exceptions: "Defendant likewise excepts to instruction given No. 7, for the reason the same is not the law, and particularly the law applicable to the case here." And, further, as another exception: "And likewise excepts to instruction given No. 8, for the same reasons, and each thereof." The exceptions to all other instructions are in the language as stated in the exception to instruction No. 8; and the exceptions to the instructions asked for by plaintiff and given by the court are as follows: "The defendant likewise excepts to giving by the court of plaintiff's offered instruction No. 2." And a like exception is taken to all the several instructions requested by plaintiff and given by the court. Unless it can be said that the exception to instruction No. 6, above referred to, is an exception to the rule, all other exceptions fall clearly within it, and therefore forbid a review of them by this court. In having recourse to instruction No. 6, we find it contains a large number of correct statements in respect to the law applicable to the case, and defines what would constitute a violation of duty on the part of the master in respect to providing a reasonably safe place for the servant to work in, and leaves it to the jury to find

the facts in that regard. We find nothing objectionable in the instruction when applied to the facts disclosed by the record. While the instruction is somewhat more extended than ordinary, it states each proposition of law correctly, and therefore cannot be condemned.

The exceptions to all the other instructions cannot be considered for the reason that upon an examination of them they are all found to contain sound legal propositions applicable to the case, and hence are not vulnerable to the exception striking at the instruction as a whole. Counsel seems to have labored under the impression that he must give some reason why the instruction is bad. This is not necessary. Giving a reason is but argument, to be made when the instruction is presented for review. It is necessary, however, in taking exceptions to bring sharply to the mind of the trial court the particular part of the instruction that is faulty, so that it may be corrected. It seldom occurs that an entire instruction —that is, all the propositions contained in it—is bad, and hence the particular part that is unsound should be pointed out to the trial court for immediate correction. It is an easy matter to except to a phrase, or to a sentence, or to any number of such phrases or sentences, and, when this is done, the matter can be intelligently corrected by the trial court, and, if not corrected, may likewise be intelligently reviewed by this court. Without this no intelligent review can be made, nor is the lower court advised just to what part of the instruction the exception refers, nor does this court, until argument is made upon it. Moreover, it is not a review at all of the lower court's act, since it was not brought to its attention at the trial. The exceptions to the giving of respondent's requests are unavailing for two reasons: (1) Because the exceptions are general; and (2) because all the requests given were given as the court's general instructions, and hence the attempted exceptions to the court's instructions cover those.

There are also exceptions to instructions offered by appellant which were refused by the court. In this respect the exceptions are sufficient. All that could, and hence all that

need, be done in taking exception to the instruction, is to except to the refusal to give it; and this was done in this case. But, upon a careful examination of the requests refused, we find that, so far as material to the case, they were all in substance given in the instructions given by the court. After a careful examination of all of them we are constrained to hold that they were all properly refused. It would subserve no useful purpose to analyze the instructions offered, or to enlarge upon the reasons why there was no error in refusing them. It must suffice to say that the instructions offered were either argumentative or the propositions of law stated in them were either stated too narrowly or too broadly, and therefore were not proper to be given in the form as presented. The request by appellant asking a directed verdict was as a matter of course rightfully refused.

From the foregoing, it follows that the court did not err in respect to the matters complained of and presented for review, and therefore the judgment of the lower court should be, and accordingly is, affirmed, with costs.

McCARTY, C. J., and STRAUP, J., concur.