# GROW v. UTAH LIGHT & RAILWAY COMPANY.

## No. 2070.   Decided January 5, 1910 (106 Pac. 514).

1. TRIAL—INSTRUCTIONS—ERROR CURED BY OTHER INSTRUCTION.   In an action for injuries from a collision with a street car, an instruction that the burden was on plaintiff to prove by a preponderance of the evidence that he was injured by the negligence of defendant, and that, if he was so injured without fault on his part, he was entitled to a verdict, was not erroneous as casting upon plaintiff the burden of proving that he was free from contributory negligence where the court also charged that contributory negligence constituted a defense, and that the burden of establishing it by a preponderance of the evidence was on defendant.   (Page 45.)

2. STREET RAILROADS—INJURIES TO TRAVELER—INSTRUCTIONS.   In an action for injuries from a collision with a street car, it was not error to charge that it was the duty of the plaintiff before crossing or going upon the tracks to use his senses as a person of reasonable prudence and ordinary intelligence would do, under like circumstances, for the purpose of ascertaining whether or not a car was in sight or hearing upon the track.[1]   (Page 46.)

3. STREET RAILROADS — OPERATION — LIABILITY FOR INJURIES — INSTRUCTIONS.   Where, in an action for injuries from a collision with a street car, it appeared that plaintiff drove upon defendant's tracks, it was not error to refuse to instruct that it was not negligence as a matter of law for a person to fail to look and listen before driving upon a street car track, unless there is some circumstance apparent that would make it ordinarily prudent to do so.   (Page 47.)

4. TRIAL—INSTRUCTIONS—EXCEPTIONS.   When an instruction contains several propositions, some of which are confessedly sound, an exception to it as a whole will not be considered.[2]   (Page 48.)

APPEAL from District Court, Third District; *Hon. M. L. Ritchie,* Judge.

Action by Otto S. Grow against the Utah Light & Railway Company.

---

[1] Spiking v. Railway & P. Co., 33 Utah, 313, 93 Pac. 838.

[2] Farnsworth v. Union Coal Co., 32 Utah, 112, 89 Pac. 74.

Judgment for defendant.   Plaintiff appeals.

AFFIRMED.

*McGurrin & Gustin* and *Powers & Marioneaux* for appellant.

*P. L. Williams, George H. Smith* and *Jno. G. Willis* for respondent.

FRICK, J.

Appellant brought this action to recover damages for personal injuries alleged to have been occasioned by the negligence of the respondent. The alleged injuries were caused by a collision between a street car of respondent and appellant's team and wagon on one of the streets of Salt Lake City. The appellant alleged in his complaint that the negligence consisted in operating a street car "at a high and immoderate rate of speed," in failing to keep "the car well under control," in failing "to stop the car so as to afford plaintiff (appellant) an opportunity to turn out from the tracks" of respondent, and in failing "to adopt and use a system of signals and warnings whereby plaintiff could have been warned of the approach of the car," and thus could have avoided the collision. In its answer the respondent denied all acts of negligence, and as an affirmative defense pleaded contributory negligence. It is not practical, neither is it necessary to set forth the evidence, except to state that it tended to prove that appellant, when the collision occurred, was driving with a team and loaded wagon on one of the streets of Salt Lake City in a southerly direction; that at the place where he was then driving the respondent had laid and was operating a double track; that appellant was driving on the west side of said tracks upon a space which was sixteen feet and three inches wide, measured from the most westerly rail to the curb line on the west side of the street; that in passing south along said driveway appellant encountered a peddler's or huckster's

wagon which was standing on said sixteen-foot driveway near or along the curb; that, in attempting to pass around said wagon, appellant drove on to or near the street car track, when the car, which was then passing south over the street car track at that point, collided with appellant's wagon, and he was thrown to the ground and injured.

The questions for the jury to pass on were whether the employees in charge of the street car exercised ordinary and proper care in operating the street car at the time and place; whether they, in the exercise of such care, did all that, under the circumstances, they were required to do in order to avoid the collision; whether the appellant himself was exercising ordinary care for his own safety, and whether or not he, by his own acts or omissions, directly contributed to the injury of which he complains. The jury, after considering the evidence, returned a verdict in favor of respondent, upon which the court entered judgment, and hence this appeal.

The state of the evidence is such that the jury would have been justified in finding a verdict for either party. The principal assignments of error, therefore, relate to the instructions. In this regard counsel for appellant assert that the court erred both in charging the jury and in refusing to give certain requests offered by them. After stating the issues as contained in the pleadings, the court charged the jury as follows:

"In order to recover in this action, the burden is on the plaintiff to prove by a preponderance of the evidence that on or about the 3d day of July, 1906, he was injured by reason of the carelessness or negligence of the defendant, and that said carelessness or negligence consisted of some one or more of the acts or omissions on the part of the defendant alleged in the complaint as negligence; and, second, the extent of such injury, if you find that he was injured, and the amount of the damages resulting therefrom, if any. If you find from the evidence that the plaintiff was so injured by the negligence of the defendant, as alleged, without fault on his part, your verdict should be for the plaintiff. If you find from the evidence that the weight of the evidence upon any of these issues is in favor of the defendant or that it is equally balanced, you should find the issues for the defendant."

Appellant duly excepted to the giving of this instruction, and now insists that the court committed prejudicial error in so charging the jury. It is earnestly contended that the court, in effect, told the jury in the foregoing instruction that, before the appellant was entitled to recover, he had to establish by a preponderance of the evidence "that the injuries arose from the negligence of defendant without fault upon the part of the plaintiff." In other words, it is insisted that by this instruction the burden of showing that appellant was free from contributory negligence was cast upon him instead of placing the burden upon the respondent of establishing such negligence. This claim is based upon the phraseology of the second sentence contained in the instruction, which is as follows: "If you find from the evidence that the plaintiff was so injured by the negligence of the defendant, as alleged, without fault on his part, your verdict should be for the plaintiff." The contention is that the phrase "without fault on his part" casts the burden of proof with respect to contributory negligence upon the appellant. From a mere cursory reading of the whole instruction, it seems manifest that such was not the intention of the court. But, considering the instruction as a whole, is the usual and ordinary meaning of the language used by the court open to such a construction? In the first sentence of the instruction the jury were told in apt language that, in order to recover, the appellant must prove by a preponderance of the evidence that his injuries were caused by the negligence of respondent. In the second sentence the court told them that, if they found that appellant was so injured "without fault on his part," then they should find for appellant. "If you find . . . that the plaintiff was so injured" clearly referred to what was contained in the preceding senstence, namely, that the injury must have resulted from respondent's negligence. The phrase "without fault on his part" did not refer to either the quantum or burden of proof, but, set off by commas as it is, was merely a parenthetical or precautionary statement by the court by which it was intended to direct the jurors' attention to the fact

that there were other issues to be considered. If the court had told the jury that under the circumstances stated in the instruction they should find for appellant "unless he was guilty of contributory negligence as hereinafter defined," we think that no one would now insist that the instruction was erroneous, or that it referred to the burden of proof upon the issue of contributory negligence. Yet, in effect, this is just what the language of the court implies. Just preceding the instruction in question the court had informed the jury that the respondent in its answer claimed that appellant's alleged injuries were caused by his own negligence; that is, that they were caused by his own fault. In an instruction following the one complained of the court, in apt terms, of which no complaint is made, in substance told the jury that contributory negligence constituted a defense; that the burden of establishing it was upon the respondent; and that, in order to defeat a recovery by appellant, the respondent must establish such negligence by a preponderance of the evidence adduced upon that subject. Keeping in mind, therefore, the court's precedent statement of the issues, the language contained in, and the manner of statement in the instruction complaied of, the succeeding instruction, which is entirely devoted to the subject of contributory negligence and by whom and how it had to be established, we are clearly of the opinion that the criticism of counsel with respect to the instruction above set forth is plausible rather than sound, and ought not prevail.

Nor is the contention sound that what was said in the succeeding instruction was in conflict with what the court had told the jury in the one complained of. Properly interpreted and applied, the statements contained in the two instructions were not in the least conflicting, but were, in fact, harmonious. It might with as much reason be contended by respondent, if the verdict had been against it, that, if the court had omitted the qualifying phrase complained of, the instruction was an unqualified direction to the jury to find for the plaintiff, regardless of his contributory negligence, and that the instruction with respect to contributory negli-

gence was in conflict with it. We are quite safe, we think, in asserting that, if such a contention were made, counsel for appellant would not concede its soundness, and we think no one else would do so. If we should reverse cases upon grounds as unsubstantial as those urged against the instruction in question, we should have to reverse nearly every case where the court was required to direct the jury upon a multiplicity of issues. In such cases counsel would always be able to find some statement in one instruction which could be said to be in apparent conflict with some other statement contained in another instruction, and thus we would be required to overturn the verdicts of juries upon mere technical grounds. This we are neither authorized nor disposed to do.

Another assignment relates to a part of instruction No. 18 in which the court, in speaking of the traveler's duty while passing along or in crossing a street car track, among other things, told the jury that, "before crossing or going upon the track, he must make use of his senses as a person of reasonable prudence and ordinary intelligence would do under like circumstances for the purpose of ascertaining whether or not a car is within sight or hearing upon the track." It is contended that in using the foregoing language the court in effect told the jury that, where one intended to go on to or cross a street car track, before doing so he must "look and listen." It is contended that this is not the law, and is contrary to what we said in the case of *Spiking v. Ry. & P. Co.*, 33 Utah 313, 93 Pac. 838, where we in effect held that the doctrine that it ordinarily is the duty of a traveler, before attempting to cross a steam railway track, to "stop, look and listen," does not apply to street car tracks in cities. A mere cursory inspection of the instructions given by the court in this case show that the court aimed to follow the law as declared in the *Spiking Case, supra,* and we think it did so. At any rate, after accurately defining what would constitute negligence, the court submitted the whole matter to the jury, and left it for them to say whether the respondent or the appellant was guilty of negligence or if both were guilty, and, if so,

whether the negligence of respondent or that of the appellant was the proximate cause of the injuries complained of. Moreover, if the whole instruction now under consideration is considered and applied to the evidence as the same is made to appear from the record, and is construed in connection with other instructions, the jury could not have been misled by the language used by the court.

It is further contended that the court erred in refusing the appellant's request to charge with respect to the duty of the motorman in approaching the huckster's wagon to which we have referred. While the court did not instruct the jury in the precise language in which appellant's request is couched, yet we are clearly of the opinion that the court correctly informed the jury what the duties of the motorman were in passing along a street under the circumstances disclosed by the evidence. In view of the whole evidence and all the instructions when considered together, we cannot see wherein appellant has any cause for complaint with respect to the court's instructions upon the subject covered by the request in question.

Appellant also predicates error upon the refusal of the court to give his request wherein the jury were directed that "it is not negligence as a matter of law for a person to fail to look and listen before driving upon a street car track, unless there is some circumstance apparent that would make it ordinarily prudent to do so." We have already stated the court left it to the jury to say what, if anything, either party did or omitted to do in view of all the circumstances surrounding them. Counsel contend, however, that the foregoing request should have been given because the court had in effect told the jury in a prior instruction that before going upon a street car track a person must "look and listen." If this were conceded, it would only amount to this: That the direction in the request would have been in conflict with a prior instruction. As we have already shown, the court did not direct the jury that in passing along or in crossing a street car track a traveler must stop, look and listen to ascertain whether there is a car near

or approaching. All that the court said was that a traveler must exercise ordinary care for his own safety, and to that end must make use of his senses. The court in various instructions and in different language followed the rule adopted by us in the *Spiking Case, supra,* and counsel do not contend that the doctrine laid down in that case is not sound. Indeed, their only contention is that the court failed to follow the doctrine of that case, but we think that counsel's contention in that regard cannot be sustained.

Counsel offered two other requests, designated as "B" and "C," which were refused, and they now urge that such refusal constituted error. Those two requests in somewhat different language referred to the same matters that we have already considered. If we are right in the conclusions reached upon the matters hereinbefore discussed, then the court committed no error in refusing to give said requests or either of them.

Finally, it is contended that the court erred in giving instruction numbered 20. The exception is to the instruction as a whole, and as it contains several propositions, some of which are confessedly sound, the exception under the rule laid down in the case of *Farnsworth v. U. P. Coal Co.,* 32 Utah 112, 89 Pac. 74, and the cases there cited, is unavailing.

We have refrained from setting forth full copies of either the instructions criticised or the requests of counsel other than those here set forth, because it is impracticable to do this within the limits of an opinion. The instructions given by the court are divided into twenty paragraphs and cover eleven typewritten pages of legal cap, while the requests of counsel cover several pages more. If, therefore, we had copied all the paragraphs to which counsel excepted in whole or in part, we should also have been compelled to copy all of the other instruction which in some way related to the subject in order to show that counsel's criticisms were not well founded. This would have been true, also, with respect to the requests of counsel which were refused by the court. Without copying the whole instructions comparisons could

not be made. As a general rule, such comparisons must be made for the purpose of determining whether the court erred either in giving certain instructions or in refusing requests offered by counsel, and both the instructions and requests in this case come squarely within the general rule. While it would not have constituted error, perhaps, to have given some of appellant's requests, yet the instructions given by the court covered fully those facts, and upon the whole were fair, and not open to just criticism. While the jury would have been justified in finding for appellant, they, upon both the law and the facts, were also authorized to find for the respondent. This being so, and there being no prejudicial errors in law, we have no alternative except to affirm the judgment, which is accordingly done, with costs to respondent.

STRAUP, C. J., and McCARTY, J., concur.