# HILLYARD v. BAIR.

No. 2754.   Decided February 9, 1916.   (155 Pac. 449.)

1. TRIAL—INSTRUCTIONS—APPLICABILITY TO ISSUES. In an action for possession of a filly, where plaintiff disclaimed a filly which he had returned to the grantor of defendant, and denied that it was the same one claimed of defendant in the action, while defendant claimed that it was the same one, refusal of instruction that plaintiff has not tried the case on the theory that he delivered the animal in question to defendant's grantor by mistake, and the giving of an instruction that if the jury find that the animal delivered to defendant's grantor was the identical animal which plaintiff now seeks to recover, and was not in fact owned by plaintiff's grantor, plaintiff is entitled to recovery, were erroneous, within the rule that instructions should conform to the issues.   (Page 563.)

2. APPEAL AND ERROR—REVIEW—HARMLESS ERROR—INSTRUCTIONS. Error in an instruction that if a filly returned by plaintiff to defendant's grantor was the one in question, but in fact belonged to plaintiff, the plaintiff should recover, where the theory of both parties was that the filly returned did not belong to plaintiff, was prejudicial to defendant.   (Page 565.)

3. TRIAL—INSTRUCTIONS—RULES OF EVIDENCE. An instruction, that if the allegations of plaintiff have been proved by preponderance of the evidence the verdict should be in his favor, and if the jury find "by preponderance of the evidence" that plaintiff has failed to prove his case the verdict should be for defendant, was erroneous in requiring defendant to establish his case by a preponderance of the evidence to be entitled to a verdict.   (Page 566.)

Appeal from District Court, First District; *Hon. J. D. Call,* Judge.

Action by T. A. Hillyard against Henry Bair.

Judgment for plaintiff. Defendant appeals.

REVERSED AND REMANDED for new trial.

*Law & Harris*, for appellant.

*George Q. Rich*, for respondent.

McCARTY, J.

This is an action for claim and delivery of personal property. The property involved is a young mare, referred to in the bill of exceptions as a filly, which, at the time the action was commenced, was about two years old. The cause was tried to a jury; who returned a verdict for the plaintiff. To reverse the judgment rendered on the verdict, defendant has brought the case to this court on appeal.

The facts not in dispute, so far as material here, are as follows: The plaintiff, a farmer, is and for more than thirty-five years has been, a resident of Cache County, this state, where, in connection with raising farm products, he has been engaged in breeding and raising Percheron horses. In the spring of 1910, a mare colt was foaled on the farm by one of his mares. The mare and colt were kept on the farm until the spring of 1911, when they were taken to and placed in a pasture in the mountains. In September of that same year, they were returned to the farm. Ed. Stewart, a horse dealer, pastured about twenty-eight head of horses in plaintiff's field and pasture during the fall of 1911. One of these was a filly (referred to in the record as the "Peart" filly), which, according to evidence offered by plaintiff, "resembled" his filly "quite a little bit." Plaintiff's mare and filly mingled and grazed in the field and pasture with the Stewart horses. Soon after the plaintiff's filly was turned into the field and pasture with the horses mentioned, it, unbeknown to plaintiff, either strayed or was taken away from the premises, and for several months thereafter its whereabouts was unknown to plaintiff. Stewart, in the early part of January, 1912,

and after he had removed his horses from plaintiff's premises, was notified by a son of plaintiff that a filly belonging to him (Stewart) was on plaintiff's premises and for him to come and take it away. In response to this notice, Stewart, on January 10th, went to plaintiff's farm, paid him $5 for feeding and caring for the filly, and in the afternoon of the same day had it taken from plaintiff's premsies. In March, 1912, Stewart sold to Henry Bair, defendant herein, the animal in controversy. In April plaintiff recognized the animal Stewart had sold to Bair as the filly that had, some two or three months before, either strayed or been taken from his field and demanded of Bair that it be delivered to him. Bair refused to comply with the demand.

There is no conflict in the evidence regarding the facts up to this point. There is, however, a sharp conflict in the evidence relating to the identity of the animal in dispute. In fact, this was the only question in controversy at the trial. Stewart, and other witnesses for the defendant, positively identified the animal as the filly herein mentioned that Stewart purchased from Peart and turned into plaintiff's field and pasture with other horses in the fall of 1911, and as the animal that Stewart, at the request of plaintiff's son, took from the premises January 10, 1912. On the other hand, plaintiff and his witnesses were just as positive in giving their testimony that the filly in controversy is not the same animal described and identified by Stewart and other witnesses for defendant, but that it is the identical animal herein mentioned that was foaled by one of plaintiff's mares in the spring of 1910. On this point plaintiff testified, in part, as follows:

"About the first of January, 1912, Mr. Ed. Stewart * * * came to my home to see me about a horse. He went to the barn, and a filly was out in the yard. I told him that was a colt that came to my place. Mr. Stewart claimed the animal as his filly. He paid me a check of five dollars for keeping the filly. That is not the same animal that I afterwards saw in Mr. Bair's possession. * * * It was not my mare. I didn't claim it. * * * I did not recognize it to be mine at all. It did not look like my animal at all. * * *

I never did sell the horse that I delivered to Mr. Stewart. It was not my horse to sell. I don't know whose it was, nor anything about it; nor I didn't claim the horse.  *  *  *  The animal  *  *  *  that Mr. Stewart claimed was a coarser animal than mine, to look at it.''

Several of plaintiff's witnesses testified that they had known plaintiff's filly practically from the time it was born until the commencement of this action, and that the animal claimed and taken from plaintiff's premises by Stewart January 12, 1912, was not the filly in controversy. In fact, there is not a scintilla of evidence in the record that tends to show that the filly delivered to Stewart by plaintiff on the date last mentioned belonged to plaintiff, or that it was, or might have been, delivered to Stewart by mistake.

As stated, the cause was tried by both plaintiff and defendant on the theory that it was not plaintiff's property. In other words, plaintiff presented his case to the jury on the theory that there were two animals, that one of the animals belonged to Stewart and was taken from plaintiff's premises by Stewart on January 12, 1912, and that the other animal is the filly in controversy; and defendant tried and presented the case on the theory that the animal in dispute is the identical filly that plaintiff delivered to Stewart as herein stated.

Defendant requested the court to instruct the jury that:

''The plaintiff has not tried this case upon the theory that he delivered the animal in question to Mr. Stewart in January, 1912, by mistake,'' etc.

The court, however, notwithstanding its attention was thus specifically invited to the fact that plaintiff did not base his right to recover upon the ground that the animal he delivered to Stewart may have belonged to him and that it was thereby delivered by mistake, and also reminded that there was absolutely no evidence to sustain such a theory, charged the jury as follows:

''The jury are hereby instructed that in case you find from a preponderance of the evidence in this case that the animal which was turned over and delivered to Mr. Stewart by the plaintiff in the month of January, 1912, at the plaintiff's premises, was in fact, the identical animal which the plain-

tiff by this action now seeks to recover, and in case the jury shall further find by a preponderance of the evidence that the said animal was not in fact the animal which Mr. Stewart had theretofore purchased from Mr. Peart, and was not in fact then owned by Mr. Stewart, but was at said time owned by the plaintiff and was turned over and delivered to Mr. Stewart by the plaintiff through the latter's mistake as to the identity of said animal, then and in that case the court instructs the jury that the plaintiff would be still entitled to maintain this action against the defendant for the recovery of the said animal, and your verdict should be in favor of the plaintiff and against the defendant for the recovery of the possession of the said animal sued for in this action.''

The giving of this instruction is assigned as error.

It is a well recognized rule of law that instructions to the jury should conform to the issues presented by the pleadings and those raised by the evidence. We think the instruction complained of clearly offends against this rule. We do not wish to be understood, however, as holding that every departure from this rule is sufficient to justify a reversal. Each case must be determined upon the particular facts there involved. If it should appear that a party is not deprived of a substantial right by the court, inadvertently or otherwise, giving an instruction not in strict conformity with the issues, then, of course, in such case, he would not be entitled to have the case reversed because of the error. The question therefore arises: Was the giving of the instruction in question prejudicial error.

We think it was. The question of whether Stewart or plaintiff was the owner of the filly delivered to Stewart by plaintiff in January, 1912, was not an issue in the case. Stewart claimed to be the owner of that particular animal, and plaintiff positively and unqualifiedly disclaimed ownership. The instruction was therefore not only at variance with the evidence and admitted facts, but the jury were told that plaintiff might recover on a theory wholly different from the one upon which he had presented his side of the case. According to plaintiff's testimony and that given by several of his witnesses, two fillies figured in the case, one

of which was the filly herein referred to that was foaled by one of his mares on his farm in the spring of 1910, which he contends is the animal in dispute, and the other was the filly that was delivered by him to Stewart in January, 1912, which he and his witnesses testified is not the animal in controversy. On the other hand, according to the evidence of Stewart and the other witnesses for the defendant, the last-mentioned filly and the filly in controversy are one and the same animal. If, as defendant contends, the evidence of Stewart and that given by other of his witnesses on this point is true, then he is entitled to recover. Hence we think it necessarily follows that the instruction was prejudicial. 38 Cyc. 1657; 11 Ency. Pl. & Pr. 170.

The court instructed the jury that:

"The burden of proof is upon the plaintiff to prove by a preponderance, which means the greater weight, of the evidence that the plaintiff was the owner of the horse described in his complaint, * * * and if you believe **3** by a preponderance of the evidence that said allegations have been proved, then your verdict must be in favor of the plaintiff. * * * And if you find *by a preponderance of the evidence* that the plaintiff has failed to prove that he is the owner of said animal, * * * your verdict should be in favor of the defendant and against the plaintiff." (Italics ours.)

This instruction is, because of the italicized part, objectionable. The burden was on the plaintiff to prove by a preponderance of the evidence that he was the owner and entitled to the possession of the animal in question, and unless he sustained this burden the defendant was entitled to a verdict in his favor; and, if the evidence was equally balanced regarding ownership and the right of possession, the defendant was entitled to prevail. The instruction last referred to was not excepted to, nor is it assigned as error; hence it is not before us for review. Since the cause must be reversed and remanded for a new trial, we invite attention to the objectionable part of the instruction so that the error may be avoided when the case is retried.

Judgment is reversed, with directions to the lower court to grant a new trial. Appellant to recover costs.

STRAUP, C. J., and FRICK, J., concur.