## RAMPTON v. COLE.

No. 3143.   Decided April 10, 1918.   (172 Pac. 477.)

1. EVIDENCE—TO VARY WRITTEN CONTRACT. Testimony tending to vary terms of written contract for exchange of realty, the execution of which was admitted by both plaintiff and defendant, was erroneously admitted.   (Page 39.)

2. APPEAL AND ERROR—QUESTIONS DECIDED ADVERSELY BY VERDICT—REVIEW. Questions raised on defendant's appeal, which were determined adversely to him by verdict, are not when sustained by substantial evidence, properly before the appellate court for determination.   (Page 39.)

3. VENDOR AND PURCHASER—EXCHANGE OF PROPERTY—MEASURE OF DAMAGES—INSTRUCTIONS. In an action for damages for breach of contract for exchange of realty, an instruction that, "if you find the issues in favor of the plaintiff, then you are to assess his damages in such amount as will fully compensate for any losses sustained by reason of the failure of the defendant to perform the terms of said contract," correctly stated the law and was not subject to the objection that it did not leave it to the jury to determine whether plaintiff had sustained damages.   (Page 40.)

4. VENDOR AND PURCHASER—EXCHANGE OF PROPERTY—MEASURE OF DAMAGES—INSTRUCTIONS. In action for damages for breach of contract to exchange realty, an instruction which in effect told the jury that they might, in estimating damages, consider value "between" the dates of execution and for performance of the contract, was

faulty for failure to confine question of damages to said dates. (Page 41.)

5. TRIAL—EXCEPTION TO INSTRUCTION GOOD IN PART. Where the first paragraph correctly stated the law, an exception taken to the whole instruction was insufficient and will be disregarded on appeal.[1] (Page 41.)

6. APPEAL AND ERROR—PROVINCE OF JURY. In an action for damages for breach of contract to exchange property, although there was a sharp conflict in the testimony as to values of the property, it was wholly within the province of the jury to determine the ultimate fact, so long as their verdict found support in the testimony. (Page 41.)

Appeal from District Court of Salt Lake County, Third District; *Hon. P. C. Evans,* Judge.

Action by Charles H. Rampton against S. N. Cole.

Judgment for plaintiff. Defendant appeals.

AFFIRMED.

*Marks & Jensen* and *J. E. Pixton* for appellant.

*Bagley & Ashton* for respondent.

CORFMAN, J.

Plaintiff commenced this action in the district court of Salt Lake County to recover damages against the defendant for breaching a written contract entered into between plaintiff and the defendant on the 5th day of August, 1915, for the exchange of real estate.

So far as material here, the contract provides: The plaintiff agrees to exchange certain real estate known as the "Rampton Building" on Main Street, Bountiful, Utah, for 220 acres of land, commonly known as the "Mule Ranch," in Corinne precinct, Utah. Plaintiff assumes a mortgage of $6,500 on said Corinne property. Defendant assumes a mortgage of

---

[1]*Farnsworth* v. *Union Pac. Coal Co.,* 32 Utah, 112, 89 Pac. 74.

$5,300 on the Bountiful property. Plaintiff gives defendant a third mortgage of $2,000 on said Corinne property subject to said $6,500 mortgage, and a second mortgage of $2,600 is given by plaintiff to Bountiful State Bank. "Both parties agree to deliver title to and possession of the parcels of land each is conveying, on or before January 1, 1916."

It is alleged in the complaint that the plaintiff on and prior to January 1, 1916, made, executed, and tendered to the defendant a good and sufficient conveyance of the property to be by him conveyed to defendant under the contract, and the plaintiff's ability, readiness, and willingness to perform and carry out any and all covenants as in said agreement provided he shall do; that the defendant on and prior to January 1, 1916, and ever since, has wholly failed, neglected, and refused to make, execute, and deliver to the plaintiff a deed of conveyance as in said agreement provided for, and that thereby plaintiff has suffered damages in the sum of $10,000; that plaintiff has in reliance upon the said contract expended $50, for all of which judgment is prayed, including interest and costs of suit.

The answer admits the execution of the contract; affirmatively alleges, as a defense, that the contract was not intended to be final between the parties; that the time the contract was signed an oral agreement was entered into between the parties that plaintiff should examine defendant's property and, if found satisfactory, then the parties should draw a final contract containing terms identical with those orally agreed upon and the former written agreement should become null and void. The answer also alleges fraud and misrepresentation on the part of the plaintiff; that the contract was signed through mistake and inadvertence on the part of defendant; and denies that plaintiff has sustained any damage. The reply denies the affirmative allegations of the answer.

The trial was to a jury, and the issues found in favor of the plaintiff. Judgment was entered accordingly. Motion for new trial was made and denied. Defendant appeals.

On appeal defendant has assigned thirty-six errors. In his

brief and argument, however, he summarizes and states his theory of the case on appeal in the following language:

"(A) That no complete binding contract was executed by plaintiff and defendant. The document upon which suit is brought was only an option for a contract.  *  *  *

"(B) That the certifying of plaintiff's abstract down to date and the delivery of the abstract was a condition precedent to be performed by plaintiff before plaintiff could put defendant in default.  *  *  *

"(C) That both parties failed to perform their alleged covenants in the document sued upon within the time stipulated.  *  *  *

"(D) That plaintiff was not on the 1st day of January, 1916, or at any time prior to the time of bringing his suit, ready to perform his alleged agreement with defendant.  *  *  *

"(E) And that if there was a valid agreement and it was breached by defendant, plaintiff sustained only nominal damages."

We have reviewed the testimony, as disclosed by the record, with care, and we find testimony was received pro and con and submitted to the jury under instructions of the court bearing on each one of the foregoing propositions of the defendant. Some of the testimony, we think, was 1, 2 admitted erroneously by the court over the objections of the plaintiff, particularly the testimony of defendant's witness tending to vary the terms of the written agreement between the parties, relied on by the plaintiff, the execution of which was admitted by both plaintiff and defendant. Of the admission of that evidence, the defendant has no cause to and does not complain. Many of the questions raised on the appeal by the defendant were determined adversely to him by the verdict of the jury, in plaintiff's favor, and are not therefore, when sustained by substantial evidence, properly before this court for determination. As we view the case after a very careful reading of the entire record, primarily there are but two questions for this court to here pass upon: (a) Did the trial court commit error in its instructions to the jury, as to the measure of damages? (b) Was the verdict of the jury,

fixing the amount of plaintiff's damages at $1,786.50, excessive?

The court instructed the jury as follows:

"(21) If you find the issues in favor of the plaintiff, then you are to assess his damages in such amount as will fully compensate him for any losses sustained by reason of the failure of the defendant to perform the terms of said contract.

"In estimating the damages, you are to take into consideration the increase in value, if any, of the Mule Ranch, between August 5, 1915, and January 1, 1916, or the decrease in value, if any, of the Bountiful property between the 5th day of August, 1915, and the 1st day of January, 1916, or both; also, any necessary expenses to which the plaintiff was put by reason of the default of the defendant in making preparation for the carrying out of the contract on the plaintiff's part, not exceeding the sum of $10,050."

The defendant complains that the trial court, by the first paragraph, in effect told the jury that it was their duty to assess damages against the defendant, without leaving it for the jury to determine whether the plaintiff has sustained damages, and if so how much, citing in support of his contention section 199, Brickwood-Sackett, Instructions to Juries, and *Chicago & N. W. R. R. Co.* v. *Chisholm,* 79 Ill. 584. We do not think the instruction in the particulars complained of by defendant, by any fair interpretation, is susceptible of the construction placed upon it by the defendant. The language used by the court very plainly left it for the jury alone to determine whether the plaintiff had sustained damage, and, if so, for them to say how much and to assess the damages against the defendant. Moreover, we think the instruction in that regard correctly stated the law applicable to the issues in the case. Black on Rescission and Cancellation, section 705.

The second paragraph of the instruction complained of by plaintiff, wherein the court told the jury that, "in estimating the damages, you are to take into consideration the increase in value, if any, of the Mule Ranch, between August 5, 1915, and January 1, 1916, or the decrease in value, if any,

of the Bountiful property between the 5th day of August, 1915, and the 1st day of January, 1916, or both," we think was a faulty instruction. While the record shows that the testimony of witnesses, bearing on the question of values of the property to be exchanged, was properly confined and directed to the dates of execution and for performance of the contract, and therefore the language employed by the court may not have been, for that reason, highly prejudicial to the defendant, yet we think the court in effect told the jury they might in estimating the damages, if any, to the plaintiff, consider values between the dates of execution and for performance of the contract. Doubtless the court had in mind and intended to confine the jury in their consideration of the question of damages to the date of the execution of the contract and the date when the contract was to be performed by the parties. However, as pointed out, the jury might have erroneously believed they were privileged to take into consideration values upon any date between August 5, 1915, the day of the execution of the contract, and January 1, 1916, the day when the contract was to be performed by the parties.

Conceding the instruction under consideration to be erroneous in that regard, yet as we have pointed out, the first paragraph was proper and correctly stated the law. The exception taken was to the instruction as a whole, and therefore, for that reason, was insufficient and must be disregarded. *Farnsworth* v. *Union Pac. Coal Co.*, 32 Utah, 112, 89 Pac. 74.

(b) As we view the record, there was ample testimony produced at the trial, in plaintiff's behalf, to support the verdict and judgment for the amount rendered.

Some of the witnesses testified that the ranch lands near Corinne were worth twenty per cent. more on January 1, 1916, than when the contract for exchange was entered into; others testified that the business property at Bountiful had, on January 1, 1916, decreased in value from twenty-five to thirty per cent. According to the testimony of these witnesses, the values of the property to be exchanged were such that the jury might have found a ver-

dict against the defendant for a much greater sum than they did find without this court having the right to disturb their verdict. While there was a sharp conflict in the testimony bearing on the values of the property, it was wholly within the province of the jury to determine the ultimate fact, so long as their verdict found support in the testimony of the witnesses.

What we have said in regard to the complaint of the defendant as to the damages awarded plaintiff being excessive also applies to many of the alleged errors assigned by the defendant on this appeal. The verdict of the jury precludes our reviewing them on appeal.

After review and due consideration of the entire record, we have been unable to find any reversible error assigned on the appeal. Therefore it is ordered that the judgment of the district court be affirmed. Costs to plaintiff.

FRICK, C. J., and McCARTY, THURMAN, and GIDEON, JJ., concur.